# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § |
| vs. | |
| TODD KELLEY CLINE | |

CASE NO. 6:11CR61(1)

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Todd Kelley Cline's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to the allegations in the Petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 6 months of imprisonment to be followed by 5 years of supervised release.

*Background*

After pleading guilty to the offense of Attempted Coercion and Enticement, Defendant was sentenced on November 22, 2004, by the Honorable Lee Yeakel, United States District Judge, to 60 months of imprisonment to be followed by 7 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on February 20, 2009. Jurisdiction was transferred to this district and division on August 8, 2011. Defendant's conditions of supervised release were modified on August 16, 2011 to include 120 days of home detention.

*Allegations*

In the Petition for Warrant for Offender Under Supervision filed on January 13, 2014, United States Probation Officer Charley Fuller alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (2) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) the defendant shall participate in a sex offender treatment program as approved and directed by the probation officer and shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, at his own expense, to determine if he is in compliance with the conditions of his release; and (4) the defendant shall not possess or use a computer and/or any other electronic or telecommunication device that is capable of accessing the Internet without prior written approval of the United States Probation Office, which includes any cellular telephone or personal digital assistant (PDA) with Internet or e-mail capabilities.

More specifically, it is alleged that Defendant failed to submit written monthly report forms within the first five days of April 2011, February 2012, April 2012, June 2012, July 2012, September 2012, October 2012, February 2013, April 2013, June 2013 and September 2013. Defendant also allegedly failed to answer questions truthfully that were asked by the probation officer regarding accessing the Internet, and possessing or using sexually stimulating or sexually oriented materials. Next, the petition alleges that Defendant failed to abide by sex offender treatment program rules, requirements and conditions by failing polygraph examinations on June 8, 2011, November 12, 2013, and December 19, 2013. Defendant also allegedly informed his sex offender treatment counselor on January 9, 2014 that he had been masturbating in his car in

public parking lots while using free area Wi-Fi to look at pornography on his phone. Defendant allegedly possessed and used a computer and a smart phone to access the Internet without the permission of the probation officer. On June 2011, it is alleged that Defendant accessed the Internet to search a dating website, datehookup.com, and a pornography website, sexboobtube.com. Beginning in February or March 2013, Defendant allegedly started accessing the Internet again without the permission of his probation officer and used a computer at the Texas Workforce Center, his wife's mobile smartphone and a his personal mobile phone to access the Internet for illicit sexual purposes. The petition alleges that Defendant used his wife's phone to search Craigslist personal ads three to five days per week for approximately one hour at a time in search of women ages 18 to 55 who were looking for men. Each time he allegedly viewed approximately 100 ads and the conduct occurred over a two to three week time period. In May 2013, Defendant allegedly bought a new phone with Internet capabilities. He then allegedly began using the phone to connect to public Wi-Fi Internet in August 2013 and started searching Craigslist personal ads and numerous pornography websites.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

*Hearing*

On January 31, 2014, Defendant appeared for a final revocation hearing. Assistant Federal Defender Ken Hawk and Assistant United States Attorney Jim Middleton announced that an agreement was reached for Defendant to enter a plea of true to the allegations in the petition and to jointly request a sentence of 6 months of imprisonment to be followed by 5 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and Defendant should be sentenced to 6 months of imprisonment to be followed by 5 years of supervised release. Any criminal history monetary penalties previously

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 6 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocate before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 6 months to be followed by 5 years of supervised release.

So ORDERED and SIGNED this 31st day of January, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE